# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEVIN A. WILLIAMS,
         Appellant,

      v.

FEDERAL RESERVE SYSTEM,
         Agency.

DOCKET NUMBER
DC-3443-14-0498-I-1

DATE: October 20, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Kevin A. Williams</u>, Suitland, Maryland, pro se.

<u>Miriam Jacks Achtenberg</u>, Esquire, and <u>Kate Parkhurst</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In his appeal, the appellant identified himself as a term employee and complained that the agency failed to give him notice that it would not renew his contract. Initial Appeal File (IAF), Tab 1. He included a copy of a Release and Transition Agreement that indicates, in pertinent part, that his excepted service term appointment with the Consumer Financial Protection Bureau ended on February 23, 2014. *Id.* The administrative judge gave the appellant specific notice of his burden to establish jurisdiction over his appeal, IAF, Tab 3, but the appellant did not respond. The agency moved to dismiss the appeal for lack of jurisdiction, IAF, Tab 7, and the administrative judge did so, on the written record without holding a hearing, IAF, Tab 9.

¶3 The appellant subsequently faxed a letter to the Board in which he indicated that he "would like to withdraw the appeal with the right to refile it at a later date if needed." Petition for Review (PFR) File, Tab 1. Later that same day, the appellant faxed another letter in which he cited case law that he asserts provides a basis for Board jurisdiction over his appeal. *Id.* The agency responded in opposition. PFR File, Tab 5.

¶4      The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  Because the appellant offers no explanation for why he failed to assert these arguments in his appeal below, we have not considered them.  In any event, our precedent is clear that when the appellant's appointment expired, his employment with the agency ended automatically, and was not an adverse action appealable to the Board.  *E.g.*, *Murdock-Doughty v. Department of the Air Force*, 74 M.S.P.R. 244, 252 (1997); *see also Berger v. Department of Commerce*, 3 M.S.P.R. 198, 199-200 (1980) (the separation of a term appointee at the expiration of the term specified at the time of appointment is not an appealable adverse action); 5 C.F.R. § 316.303.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.